Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000359
25-SEP-2018
11:05 AM

NO. CAAP-18-0000359

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FOOD PLANNING SERVICE HAWAII, INC.,
Plaintiff-Appellee,
v.
SU SEND CHANG TRAN, dba SWEET HOME AUNTY;
VANG VAN TRAN and CHIH CHIEH CHANG,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0750-04 (JPC))


ORDER GRANTING JUNE 4, 2018 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-18-0000359 FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Plaintiff-Appellee Food Planning Service Hawaii, Inc.'s (Food Planning Service Hawaii), June 4, 2018 motion to dismiss appellate court case number CAAP-18-0000359 for lack of appellate jurisdiction, (2) the July 6, 2018 memorandum by Defendants-Appellants Su Send Chang Tran, dba Sweet Home Aunty, Vang Van Tran and Chih Chieh Chang (the Defendants) in opposition to Food Planning Service Hawaii's June 4, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Defendants' appeal from the

following three interlocutory orders by the Honorable Jeffrey P. Crabtree because the circuit court has not yet entered a final judgment in Civil No. 16-1-0750-04 (JPC):

> (1) a December 13, 2017 interlocutory order granting Food Planning Service Hawaii's amended motion to compel productions of documents;
>
> (2) a December 14, 2017 interlocutory order granting Food Planning Service Hawaii's amended motion to compel answers to interrogatories; and
>
> (3) an April 2, 2018 interlocutory order awarding attorney's fees and costs to Food Planning Service Hawaii based on discovery issues pursuant to Rule 37(a)(4) of the Hawai'i Rules of Civil Procedure (HRCP).

We initially note that the Defendants' April 25, 2018 notice of appeal is timely under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) only as to the April 2, 2018 interlocutory order. "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." The Defendants did not file their April 25, 2018 notice of appeal within thirty days after entry of the December 13, 2017 interlocutory order or the December 14, 2017 interlocutory order. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, even if the December 13, 2017 interlocutory order and December 14, 2017 interlocutory order were appealable interlocutory orders, the Defendants' April 25, 2018 notice of appeal would be untimely as to them under HRAP Rule 4(a)(1).

With respect to the April 2, 2018 interlocutory order, Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On June 13, 2018, the circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000359, which does not include a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the April 2, 2018 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the

-3-

three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

We note that, when analyzing specifically whether a discovery order was appealable under the collateral order doctrine, the Supreme Court of Hawaiʻi has consistently "h[e]ld that there is no appellate jurisdiction over interlocutory appeals from discovery orders, [even] despite a claim of attorney-client privilege." Abrams, 88 Hawaiʻi at 323, 966 P.2d at 635 (footnote omitted); Brende v. Hara, 113 Hawaiʻi 424, 429, 153 P.3d 1109, 1114 (2007) ("Discovery orders are not immediately appealable[.]"). "In the exceptional case, parties are not without a remedy. A petition for writ of mandamus is available for extraordinary situations." Abrams, 88 Hawaiʻi at 323, 966 P.2d at 635 (footnote omitted).

Even to the extent that one views the April 2, 2018 interlocutory order as a "sanction order" rather than a "discovery order," the Supreme Court of Hawaiʻi has held that an interlocutory sanction order against a party is appealable under the "collateral order doctrine" only if "the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings." Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979) (emphases added). A sanction order against a party is immediately enforceable through contempt proceedings only if the sanction order requires the party to pay the sanction in a specific amount by a specific day, so that upon the expiration of that specific day, one can conclusively determine whether the sanctioned party has complied with the sanction order, and if the party has not complied, then the court can immediately find that party in contempt of court.

In fact, the Supreme Court of Hawaiʻi has held that an interlocutory order awarding attorneys' fees and costs without a due date is not independently appealable even if the circuit court purports to certify that interlocutory order as a judgment pursuant to HRCP Rule 54(b), because an order awarding attorney's

-4-

fees and costs "is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawaiʻi 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Consequently, "[a]bsent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawaiʻi at 123, 19 P.3d at 706; CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawaiʻi 301, 306, 22 P.3d 97, 102 (App. 2001) ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").

Although the April 2, 2018 interlocutory order awards attorney's fees and costs in specific amounts in favor of Food Planning Service Hawaii, the April 2, 2018 interlocutory order does not provide a specific date by which the Defendants must pay the awards to Food Planning Service Hawaii, and, thus, the April 2, 2018 interlocutory order is not immediately enforceable through contempt proceedings, as a sanction order against a party must be in order to qualify for immediate appealability under the collateral order doctrine and the holding in Harada. Absent an appealable final judgment, the Defendants appeal from the April 2, 2018 interlocutory order is premature, and we lack appellate jurisdiction over appellate court case number CAAP-18-0000359.

Granted, the Supreme Court of Hawaiʻi recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawaiʻi Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties.

_Waikiki v. Hoʻomaka Village Association of Apartment Owners_, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017). However, the holding in <u>Waikiki</u> is distinguishable from the instant case, because the circuit court in the instant case has not yet adjudicated Food Planning Service's eight-count April 19, 2018 first amended complaint against the Defendants, which is still pending before the circuit court. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims is neither warranted nor authorized under HRS § 602-57(3) and the holding in <u>Waikiki</u>. In the absence of an appealable final judgment as to all claims and parties, the Defendants' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Food Planning Service Hawaii's June 4, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000359 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, **September 25, 2018.**

Presiding Judge

Associate Judge

Associate Judge

-6-